FILED
United States Court of Appeals
Tenth Circuit

April 6, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES ALLEN HAYNES,

      Petitioner-Appellant,

v.

EDDIE WILSON, Warden, Wyoming
Department of Corrections State
Penitentiary; BRUCE SALZBURG,
Wyoming Attorney General,

      Respondents-Appellees.

No. 10-8085
(D.C. No. 2:09-CV-00221-ABJ)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

A Wyoming jury convicted Charles Allen Haynes of two counts of sexual

assault. Mr. Haynes appealed his conviction but the Wyoming Supreme Court

affirmed. He then filed a motion in federal district court, seeking relief under 28

U.S.C. § 2254. The district court rejected Mr. Haynes's motion and denied his

application for a certificate of appealability ("COA"). Mr. Haynes now appears

before us to renew his request for a COA. We may, of course, grant a COA only

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

if Mr. Haynes makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotation omitted). And, where a claim "was adjudicated on the merits in State court proceedings," we may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

There is only one issue Mr. Haynes presented on direct appeal in state court and in his § 2254 petition to the district court and so preserved for our possible review under these standards. That is the question whether the state trial court should have revisited its earlier decision that Mr. Haynes was competent to stand trial in light of a forensic psychologist's report prepared later at sentencing. Before the Wyoming Supreme Court, Mr. Haynes explained his argument in these terms: "It would have been far more reassuring if [the trial court judge] had said that he considered the new evidence in conjunction with the earlier testimony . . . . [But the trial judge] simply refused to consider mental competence at all [at sentencing], treating it as a closed issue." App. Br. at 15-16. Mr. Haynes charges that this decision, to treat the issue as settled and closed,

ran afoul of constitutional due process doctrine which requires trial courts to assess a defendant's competence whenever "a reasonable judge should have had a bona fide doubt as to [the defendant's] competence at the time of trial." *Gilbert v. Mullin*, 302 F.3d 1166, 1178 (10th Cir. 2002) (internal quotation omitted).[1]

The Wyoming Supreme Court discussed and rejected Mr. Haynes's argument. It did so by explaining that, in fact, the state trial court *had* considered the forensic psychologist's report and its potential impact on the court's earlier competency decision. Consequently, the Wyoming Supreme Court held, Mr. Haynes was afforded due process:

> [¶ 43] On appeal, Mr. Haynes claims that when evidence was presented at sentencing indicating that he lacked the mental capacity to understand the nature of the sentencing proceedings, the district court was required to address the issue before sentencing him. Mr. Haynes relies on the following excerpt from the hearing, which he incorrectly attributes to the district court:
>
>> The risk assessment itself was designed to consider what his chances of reoffending are. Not designed to determine whether or not he was competent to stand trial, not designed to determine whether or not he was responsible for his criminal conduct. In short, that report was directed at an entirely different set of issues, and does not constitute new evidence. *The case has been closed as to the issue of*

---

[1] Although Mr. Haynes's COA application focuses on this issue, along the way it also seeks to raise a number of related but different arguments. Unfortunately, however, Mr. Haynes did not raise these arguments in his direct state court appeal. That procedural default barred him from raising them as grounds for state-court collateral relief. *See* Wyo. Stat. Ann. §§ 7-14-101 & 7-14-103(a)(i). And it also precludes us from considering them. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that "if the petitioner procedurally defaulted . . . claims [for state-court review], the prisoner generally is barred from asserting those claims in a federal habeas proceeding").

> *competency by the Court's determination that Mr. Haynes was competent to stand trial as a matter of law. The issue of criminal responsibility has been closed by the jury by their guilty verdicts.*

(emphasis added). Citing § 7-11-303(a), *deShazer v. State*, 2003 WY 98, ¶ 20, 74 P.3d 1240, 1248 (Wyo.2003), and other authorities, Mr. Haynes asserts this was a 'glaring misstatement of the law' because it is clear that the district court had a continuing obligation throughout the legal proceeding, including sentencing, to raise and consider the issue of his mental competency. . . .

[¶ 44] Mr. Haynes is correct that the district court had a continuing obligation to address the issue of his mental competency. However, the statement quoted above was not made by the district court; the statement was made by the prosecutor during his argument in opposition to the new trial motion. The record clearly reflects, contrary to Mr. Haynes' assertion, that the district court compared the statements contained in the risk assessment with the earlier testimony presented on the competency issue and found that no new evidence was presented. Mr. Haynes' argument that the district court did not fulfill its obligation and ruled the matter of competency 'closed' is not supported by the record.

*Haynes v. State*, 186 P.3d 1204, 1214 (Wyo. 2008) (footnote omitted).

The record reveals no basis on which we might disagree with this analysis, finding unreasonable either the Wyoming Supreme Court's factual determination that the trial court did consider the psychologist's report or its application of the law in concluding any due process requirement was satisfied. The request for a COA is therefore denied and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

- 4 -